IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-65-BO

| | |
|---|---|
| JAMES LYSTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

This cause comes before the Court on plaintiff's motion for judgement on the pleadings [DE 18] and the government's motion for judgement on the pleadings [DE 22]. A hearing was held before the undersigned on May 20, 2022 in Edenton, North Carolina. For the reasons that follow, plaintiff's motion is GRANTED and the government's motion is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner of Social Security's denial of plaintiff's application for disability insurance benefits. On July 25, 2017, plaintiff protectively filed an application, alleging that he had become disabled on January 27, 2016. After denials he had a hearing before an Administrative Law Judge ("ALJ"). On October 8, 2020, the ALJ decided that plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). On February 5, 2021, this denial became the final decision of the Commissioner. Plaintiff was born on August 14, 1971, and previously worked as a glazier, a welder, and a construction worker. Plaintiff alleges that he became disabled after a work-related accident where

a large piece of glass fell on his head. He alleges that it exacerbated his pre-existing mental conditions and that he now has issues interacting with people.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his last date of insured on March 31, 2017. At step two, the ALJ found that plaintiff had the following severe impairments: moderate degenerative disc disease and spondylosis of cervical spine, s/p anterior surgical fusion; post-concussion headache; PTSD; intermittent explosive disorder; unspecified depressive disorder; and unspecified anxiety disorder. At step three, the ALJ determined that plaintiff did not meet a Listing. At step four, the ALJ found that plaintiff could not return to his past work. The ALJ concluded that plaintiff was able to perform a limited range of medium work, except:

> [H]e can occasionally climb ladders up to 5 feet in height, but never climb ladders taller than 5 feet in height, and can never climb ropes or scaffolds, regardless of height. He can never work around unprotected heights. He is able to perform simple, routine, and repetitive tasks and make simple, work-related decisions. He can interact with supervisors frequently; with coworkers occasionally, but cannot perform any tandem or teamwork type activity; and can never have work-related interaction with the general public (though occasional superficial contact can be tolerated, such as a greeting in passing).

3

Tr. 19-25. The ALJ found that plaintiff would be able to perform a number of jobs in the national economy. Accordingly, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the ALJ failed to properly evaluate his mental impairments. Plaintiff was treated on almost a weekly basis by physicians at Alpha Behavior and by Dr. Jones for intermittent explosive disorder, depression, PTSD, and anxiety. Plaintiff's symptoms included instability of interpersonal relationships and recurrent aggressive and impulsive behavior. The non-examining consultants opined that plaintiff only had moderate limitations in social interactions and moderate adaptive limitations. However, the ALJ's conclusion that plaintiff can perform a limited range of medium work is not supported by the evidence, which indicate that his mental impairments are severe.

The Court finds that the ALJ failed to properly evaluate plaintiff's record pursuant to the "C" criteria for mental impairment Listings. The ALJ justifies her conclusion that plaintiff did not meet the C criteria by stating that plaintiff did not have serious and persistent mental disorder within a 2+ year treatment history. However, the ALJ failed to apply those criteria to the specific facts of this case and explain her conclusion. The weight of the evidence indicates that plaintiff's mental impairments were severe and persistent since 2016. Given the combination of determinations made by the ALJ that were not supported by substantial evidence, the Commissioner's decision must be reversed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgement on the pleadings [DE 18] is GRANTED.

4

The government's motion for judgement on the pleadings [DE 22] is DENIED. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this ___ day of August, 20022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE